**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RENJIE ZHAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:21-cv-02793 (UNA) |
| | ) | |
| INTERNATIONAL BANK FOR | ) | |
| RECONSTRUCTION AND | ) | |
| DEVELOPMENT COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On October 21, 2021, plaintiffs filed a *pro se* complaint, ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and first motion to appoint counsel, ECF No. 3. On November 4, 2021, the court issued an order, ECF No. 6, denying plaintiffs' first motion to appoint counsel without prejudice, and further directing plaintiffs to, within 30 days, file an amended complaint listing their full residence addresses and telephone  numbers and defendant's address where process may be served.  Plaintiffs were warned that failure to comply may result in dismissal of the case.

To date, plaintiffs have not filed an amended complaint.  Instead, they filed a second motion to appoint counsel, ECF No. 7.  The second motion to appoint counsel contains a residence address, however, plaintiffs have yet to submit their telephone numbers or the defendant's address. Plaintiffs have thus failed to comply with the court's order and the case will be dismissed without prejudice.

Moreover, plaintiffs' application to proceed IFP is inadequate as it fails to provide sufficiently detailed information regarding their financial circumstances.  *See generally* 28 U.S.C.

§ 1915; *see also* Form No. AO 239.  Additionally, plaintiffs have filed the IFP application jointly,

and seemingly attempt to bring this matter as a class action, which they cannot not do.  As a general

rule, a *pro se* litigant can represent only himself or herself in federal court.  *See* 28 U.S.C. § 1654

("In all courts of the United States the parties may plead and conduct their own cases personally

or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984)

(individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to

appear in [federal] court as counsel for others") (citation and footnote omitted*); see also U.S. ex*

*rel. Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom*.

*Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C.

Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class

action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509

F.2d 1405, 1407 (4th Cir.1975).  The law of the District of Columbia Circuit that a *pro se* litigant

who is not trained as a lawyer "is simply not an adequate class representative." *DeBrew v. Atwood*,

792 F.3d 118, 132 (D.C. Cir. 2015) (citing *Fymbo v. State Farm Fire & Cas. Co*., 213 F.3d 1320,

1321 (10th Cir. 2000)).

    Finally, plaintiffs' second motion to appoint counsel is denied. Plaintiffs in civil cases

generally do not have a constitutional or statutory right to counsel.  *See Willis v. F.B.I.*, 274 F.3d

531, 532–33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  If a plaintiff is

proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. §

1915(e)(1), but it is not obliged to do so unless a plaintiff demonstrates that such exceptional

circumstances exist that the denial of counsel would result in fundamental unfairness.  *See Cookish*

*v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986).  Whether exceptional circumstances exist requires

an evaluation of the type and complexity of each case, and the abilities of the individual bringing it. *Id*; *see also* Local Civil Rule 83.11(b)(3) (listing factors).  Plaintiffs fail to address these factors, indicating only that they are without resources to obtain an attorney. They have not demonstrated that the intended claims are particularly complex or that any greater interest of justice would be served by appointing counsel in this case than in any other *pro se* case. *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017); *see also* Local Civil Rule 83.11(b)(3). Considering the limited *pro bono* resources that are available to the court, and the mootness of the request, counsel will not be provided to plaintiffs at this time.

Accordingly, it is hereby

**ORDERED** that the application for leave to proceed IFP, ECF No. 2, is **DENIED**, the second motion for appointment of counsel, ECF No. 7, is **DENIED**, and the complaint, ECF No. 1, and this case, are **DISMISSED** without prejudice.

This is a final appealable order.  *See* Fed. R. App. P. 4(a).


DATE: December 28, 2021                    _____/s/_____
                                           CHRISTOPHER R. COOPER
                                           United States District Judge